IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARETHA COOKE, et al.[1], | : | CIVIL NO. 1:CV-11-0806 |
| Petitioners, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| WILLIAM A. SCISM, | : | |
| Respondent | : | |

**M E M O R A N D U M**

    Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Aretha Cooke and Sharon Deas on behalf of Vida Deas, an inmate confined at the Low Security Correctional Institution at Allenwood, Pennsylvania. (Doc. No. 1.) Also submitted is the declaration of Vida Deas. (Doc. No. 3.) Petitioners challenge the alleged unconstitutional federal conviction and sentence of Vida Deas. The requisite filing fee has been paid. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.**      **Background**[2]

    On April 10, 2007, Vida Deas was named in several counts of a multiple count indictment on federal drug charges in the United States District Court for the District of Connecticut. On April 24, 2009, following a trial, he was convicted on Count One, Conspiracy to Possess with Intent to Distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and Counts 3 and 4, Possession with Intent to Distribute cocaine base, in violation of §§ 841 (a)(1) and (b)(1)(c). On December 16, 2009, he received a 240 month sentence as to

---

[1] Cooke is the "conjugal partner" of Vida Deas, and Sharon Deas is his sister.

[2] The background has been extracted from the petition for writ of habeas corpus, the declaration submitted by Vida Deas, and Deas' criminal action docket sheet, which the Court obtained from the PACER Service Center. See http://pacer.pcl.uscourts.gov.

each count to be served concurrently, ten years of supervised release and a special assessment fee in the amount of $300.00.  The judgment was entered on December 23, 2009.  According to the criminal docket sheet, a Notice of Appeal was thereafter filed with the Second Circuit Court of Appeals on December 28, 2009.  The docket sheet reflects, and Deas admits, that the appeal is still pending before the Second Circuit Court of Appeals.  See electronic docket sheet, United States v. Turner, et al., #3:07-cr-0073-CFD-2.  The instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed on April 27, 2011.  In the petition Cooke and Sharon Deas, on behalf of Vida Deas, raise challenges to his federal conviction and sentence.

**II.     Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002)(citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See id. at 251.  Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a

habeas corpus petition in this Court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant case, it is undisputed that Deas' direct appeal from his conviction and sentence are pending before the Second Circuit Court of Appeals. It is also clear that Deas has not yet pursued relief via 28 U.S.C. § 2255. In fact, in his declaration Deas states that his attorney has informed him that he cannot file for relief pursuant to § 2255 until his criminal judgment is final. (Doc. No. 3, Deas Declar. at 2.) As noted above, he (or anyone on his behalf) may not raise his present claims in a § 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; Dorsainvil, 119 F.3d at 251-52. Clearly he is unable to establish inadequacy or ineffectiveness as he has not yet pursued the collateral remedy process. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the Court will dismiss this § 2241 petition for lack of jurisdiction.[3] An appropriate order follows.

---

[3] The Court further notes that Deas filed a previous petition for habeas corpus in this Court alleging the same challenges to his federal criminal conviction and sentence. See Deas v. Hufford, No. 1:CV-10-2095 (M.D. Pa.). The petition was dismissed for lack of jurisdiction on the same basis. Id., Doc. 6.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARETHA COOKE, et al.,** | : | CIVIL NO. 1:CV-11-0806 |
| **Petitioners,** | : | |
| | : | (**Chief Judge Kane**) |
| v. | : | |
| | : | |
| **WILLIAM A. SCISM,** | : | |
| **Respondent** | : | |

## **ORDER**

**AND NOW,** this 7th day of June, 2011, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **dismissed for lack of jurisdiction**.

2. Petitioners' motion for partial summary judgment (Doc. No. 4) is **denied as moot**.

3. The Clerk of Court is directed to **close** this case.

 S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania